UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DENISE M. EALY                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:11CV-10-S

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court for consideration of the Report and Recommendation of the United States Magistrate Judge that the court affirm the final decision of the Commissioner denying disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits to the plaintiff, Denise M. Ealy.

Ealy has not engaged in substantial gainful activity since August 27, 2006. She applied for DIB and SSI on September 14, 2006. Her claims were denied on November 27, 2006 and on reconsideration on April 23, 2007. Ealy appealed the decision and was afforded a hearing before an Administrative Law Judge ("ALJ") on February 17, 2009. Ealy testified at the hearing as did an impartial Vocational Expert ("VE"). Three days after the hearing, Ealy saw her gastroenterologist, Whitney F. Jones, M.D. On March 18, 2009, Ealy's attorney submitted a February 20, 2009 letter from Dr. Jones to Ealy's primary care physician, Ashok Alur, M.D., to the ALJ for consideration in addressing Ealy's claim. The ALJ issued a decision on May 12, 2009 denying Ealy benefits. Ealy sought review by the Appeals Council and filed additional medical records for the period April 8, 2009 through May 19, 2009. The Appeals Council denied the request for further review, stating

that it considered the reasons for disagreement raised by Ealy and the additional evidence she offered, but concluded that there was no basis for altering the ALJ's decision. This appeal then followed.

The ALJ found that Ealy has two severe impairments: chronic pancreatitis secondary to ampullary stenosis and degenerative disc disease of the lumbar spine. He concluded, however, that she possessed the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she requires the option to alternate between standing and sitting, with no crawling and occasional balancing, stooping and kneeling, and no climbing of ropes, ladders, and scaffolds. AR.[1] 14-16. Although she was found unable to return to her previous employment as a clerk or surgical technician as neither job affords an opportunity to alternate between sitting and standing, the ALJ determined that a significant number of jobs exist in the exist in the national economy which would meet the requirement of light work with a sit/stand option. Thus the ALJ determined that Ealy was not disabled, as defined by the Social Security Act. AR. 17-19.

Ealy contends that she is disabled due to frequency of constipation, diarrhea, and pain due to chronic pancreatitis which she contends is so frequent and extensive that she is rendered unemployable. The ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

AR. 16-17.

---

[1] "AR" refers to the Administrative Record.

The ALJ explained in detail the basis for his finding that Ealy's statements were not credible. We quote at length from the ALJ's decision, as it concisely sums up the presentation of Ealy's pancreatic condition over time:

> In terms of the claimant's alleged symptoms caused by pancreatitis, it is reasonable that the claimant could have some pain and even some other symptoms. However, a review of the objective evidence herein, reveals that the claimant's pancreatitis has been under good control for the vast majority of the period under consideration herein. Most of the claimant's aggressive treatment and hospitalizations for pancreatitis predate the alleged onset herein. Since the claimant's alleged onset, she has only been hospitalized once briefly in August 2006. Treating notes from Dr. Jones demonstrate that the claimant's symptomology including [sic] has been under good control and she had no other complaints. In February 2009 (three days after the hearing herein), the claimant reported to Dr. Jones that she had been experiencing increasing pain, constipation along with diarrhea, and bloating. Even though the claimant stated that she had experienced these symptoms in the past year, it is noteworthy that the claimant had not been seen by Dr. Jones since April 2007. If her condition and symptomolgy [sic] were as dire as she described in testimony, then it stands to reason that the claimant would have followed up more promptly with her treating specialist. Moreover, diagnostic imaging from February 2009 was negative and Dr. Jones recommended extremely conservative treatment. There is no objective evidence to corroborate statements regarding the time the claimant spends in the bathroom or her alleged limits in sitting, walking and bending. For all of these reasons, the undersigned finds the claimant to be less than fully credible.
>
> As for the opinion evidence, the claimant's treating specialist, Dr. Jones opined that the claimant could return to work (without limitation) in October 2006 less than two months after being hospitalized briefly for abdominal pain...The opinion of Dr. Jones, a longtime treating specialist, demonstrates that she does not believe the claimant's symptoms from pancreatitis would prevent work activity. In giving the claimant the benefit of the doubt and in consideration of the combined impairments as well as the opinions of the DDS examiners and Dr. Ramsey, the consultative examiner, the undersigned concludes the claimant is capable of a limited range of light work. Dr. Ramsey stated that the claimant's degenerative disc disease might make it difficult for the claimant to sit or stand for long periods of time and for that reason the undersigned incorporated a sit/stand option into the residual functional capacity as determined. No opinion evidence of record disables the claimant for a prolonged period...

AR. 17.

As noted by the magistrate judge in his Report, "Generally, an ALJ's credibility assessment cannot be disturbed upon judicial review 'absent a compelling reason.'" *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Ealy states in her objections to the magistrate judge's Report that "...the record points to the fact that she has flare-ups. The only undocumented item is the frequency and extent of those flare-ups." Obj., p. 6. The ALJ's review of the record led him to the conclusion that Ealy's own rendition of the nature and extent of the flare-ups was questionable in light of the fact that she did not report any flare-ups or seek any medical intervention from April 2007 until January 20, 2009, three days after Ealy's hearing in regard to this disability claim. On January 20, 2009, she reported to Dr. Jones that she had suffered a "tough year," with increasing symptoms of constipation, diarrhea, bloating and pain. Dr. Jones then ordered a CT scan which appeared essentially normal. AR. 359-60. The ALJ noted that Dr. Jones did not suggest that she was disabled from working at any time, and indeed, found she could return to work without limitation shortly after an August 2006 hospitalization. While Ealy insists that she had a progression of disabling symptoms, she did not mention progressive problems to Dr. Amin when she met with him in February 2008.

The April, May and July 2009 medical records offered by Ealy to the Appeals Council do nothing to further her credibility as to the frequency, severity, and duration of flare-ups of her condition. The records indicate that a stenting procedure was performed in April 2009, and the stent was removed in July 2009. Dr. Jones' Indication for the removal procedure in July was "Chronic pancreatitis and distal pancreatic duct stricture, essentially complete resolution of pain with pancreatic duct stenting and sphincterotomy." AR. 368.

Dr. Jones noted in the Description of the procedure that "The pancreatic stent was removed in the usual fashion...a pancreatography was performed demonstrating Cambridge class IV chronic pancreatitis with minimal narrowing at the intraduodenal wall portion of the distal pancreatic duct...No obvious stones, filling defects, or strictures...Drainage of contrast was fairly prompt...good flow endoscopically...Therefore, I elected not to perform any additional interventional procedures." AR. 368. In the Assessment, she states "Chronic pancreatitis with itraduodenal wall portion stricture with significant improvement, status post sphincterotomy and stenting." AR. 369. Thus these additional medical records do not support Ealy's contention of an ongoing disabling level of pain and other symptomology.

The magistrate judge's Report reaches the same conclusions as we have stated herein. The ALJ did not err in discounting the testimony of Ealy as to the frequency, severity, and duration of flare-ups relating to chronic pancreatitis. The additional medical records are consistent with the finding that she has chronic pancreatitis, but do not offer additional support for a finding of disabling symptoms.

The Report and Recommendation of the United States Magistrate Judge will be accepted and adopted by separate order, and judgment will be entered affirming the final decision of the Commissioner denying Ealy benefits.

**IT IS SO ORDERED.**

February 17, 2012

Charles R. Simpson III, Judge
United States District Court